# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LORI JOSEPH** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 09-6853** |
| | * | |
| **PHILLIP JOHNSON, ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 6). The Court has considered the relevant documents and memoranda and is now ready to rule.

Plaintiff alleges that this Court does not have proper diversity jurisdiction over this case as Defendant cannot prove that the damages in the instant case exceed $75,000.00. Defendant responds that it is facially apparent from the complaint that damages in this case exceed $75,000.00.

Where, as here, a state court pleading does not specifically state the amount in controversy, a removing defendant has the burden of showing by a preponderance of the evidence that the amount exceeds $75,000.00 either by demonstrating that it is "facially apparent" or by "setting forth facts in controversy - preferably in the removal petition, but sometimes by affidavit - that support the finding of the requisite amount." *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

The Plaintiff in this case alleges that she was struck by Defendant's vehicle while walking on the median of Hwy. U.S. 90 and sustained injuries to her hip and leg. Common sense dictates that a pedestrian, hit by a car traveling along a highway, sustains serious injuries.

Further, Plaintiff claimed "that each of their [sic] damages $50,000.00 [sic]."[1] While this statement is far from clear, the Court can only presume Plaintiff intended to state that she was seeking $50,000.00 for each category of damages she claimed. Plaintiff seeks damages for past, present and future physical pain and suffering and mental anguish, as well as lost wages, loss of future earning capacity, loss of consortium, medical expenses, and loss of enjoyment of life. The Court finds that the claim for damages allegedly sustained more likely than not exceeds the $75,000.00 minimum amount in controversy. See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding claims for "injuries to her right wrist, left knee and patella, and upper and lower back," as well as "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" supported removal jurisdiction); *James v. Home Depot USA, Inc.* 2002 WL 1453824, *2 (E.D. La. July 3, 2002) ("Although the allegations in Plaintiff's [complaint] are somewhat generic, it is 'facially apparent' that his claims exceed $75,000. Plaintiff's seeks damages for physical, emotional and mental pain and anguish, loss of enjoyment of life, disability, past and future wages, past and future medical treatment and expenses, and "serious" physical injuries to the back and lower extremity.")

Therefore, Plaintiff's Motion to Remand is DENIED (Rec. Doc. No. 6).

New Orleans, Louisiana this 15th day of January, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[1]Rec. Doc. No. 1, State Court Pleading, VII.